IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                                    ) | |
|       Plaintiff,            ) | |
|                           ) | Case No. 07-CR-0030-002-CVE |
| v.            ) | |
|                           ) | USM Number: 10092-062 |
| DEANN BREWER,            ) | |
|   aka Deann Littlefield,            ) | |
|                           ) | |
|       Defendant.            ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence (Dkt. # 69). Defendant requests relief based on mitigating circumstances surrounding her conviction for use of a firearm in relation to a drug trafficking offense, good conduct and steady employment while imprisoned, and family needs made more difficult due to her imprisonment.

Defendant entered a plea of guilty to a two-count information charging conspiracy to possess pseudoephedrine to manufacture methamphetamine, in violation of 18 U.S.C. § 371, and possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2. In July 2007 defendant was sentenced to a term of imprisonment of 60 months as to each of Counts One and Two, with the term in Count Two ordered to run consecutively, for a total imprisonment term of 120 months as to both counts.

Defendant moves for sentence reduction offering no authority under which the Court may grant defendant's motion. As justification for her request, defendant mitigates the danger posed by the firearm cited in Count Two as a seldom used .22 caliber rifle, a weapon commonly possessed

in rural areas. Defendant further describes concerns for her minor children and a need to assist her elderly parents.

Defendant's argument as to the type of weapon possessed has no bearing on the offense to which she stands convicted. Further, although the Court understands the many difficulties associated with imprisonment and appreciates defendant's good conduct record, it does not have authority to modify the sentence based on these reasons. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see also United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider a defendant's request to reduce sentence).

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Dkt. # 69), is **dismissed for lack of jurisdiction**.

**DATED** this 16th day of August, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE